# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROBERTO RIVAS, <br><br> Petitioner, <br><br> v. <br><br> DANIEL PARAMO, Warden, <br><br> Respondent. | Case No. EDCV 17-907-RGK (LAL) <br><br> **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections, and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally lack merit for the reasons stated in the Report and Recommendation. To the extent Petitioner attempts to raise new claims in his Objections, his Petition must still be denied.

Petitioner argues that the charges against him were barred by the statute of limitations, and his trial and appellate counsel were ineffective for failing to raise the statute of limitations issue in state court. (Objections at 3-7, 10-12.) Petitioner's charges were not time-barred.[1]

---

[1] People v. Simmons, 210 Cal.App.4th 778, 786-88 (2012) (where defendant faces a life prison term under California Penal Code section 667.61, as Petitioner did here, prosecution may be commenced at any time; also finding prosecution under Penal Code section 288(a) timely where, as was the case here, statute of limitations was extended by statute before the original limitations period expired).

Moreover, because Petitioner's statute of limitations argument fails, so too do his related ineffective assistance of counsel claims.[2]

Petitioner also argues his trial counsel was ineffective for failing to "object to the hearsay testimony elicited by Officer Randall Peterson's testimony based on what the alleged 'victims' told him to say at trial." (Objections at 9.) Petitioner does not state specifically what testimony he believes could have been excluded under California's hearsay rules. However, Officer Peterson testified to statements made to him by Jane Doe only. (2 RT at 300-302.) Petitioner's trial counsel objected on hearsay grounds to the officer's testimony, but the trial court allowed the testimony as prior inconsistent statements. (2 RT at 301.) Petitioner has not stated what more his trial counsel could have done to seek the exclusion of Officer Peterson's testimony.[3]

Finally, Petitioner argues his sentence was improper because it was "designed for persons with prior convictions," which Petitioner does not have. (Objections at 12.) Even assuming Petitioner raises a claim cognizable on federal habeas review,[4] his claim fails. Petitioner was sentenced pursuant to California Penal Code section 667.61, which is often referred to as California's One Strike Law. (2 CT at 346-47.) Section 667.61 imposes an alternative sentencing scheme for defendants convicted of certain aggravated sex offenses and does not necessarily contemplate a finding that the offender had suffered prior convictions.[5]

///

///

///

---

[2] See Flournoy v. Small, 681 F.3d 1000, 1006 (9th Cir. 2012) ("The failure to make an objection that would have been overruled was not deficient performance."); see also Wildman v. Johnson, 261 F.3d 832, 840 (9th Cir. 2001) ("[Petitioner] cannot sustain his claim for ineffective assistance of appellate counsel because the issues he raises are without merit.").

[3] Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995) ("conclusory suggestions that [a habeas petitioner's] counsel provided ineffective assistance fall far short of stating a valid claim of constitutional violation" and therefore "do not warrant habeas relief.").

[4] See Estelle v. McGuire 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation marks and citation omitted); see also Nelson v. Biter, 33 F.Supp.3d 1173, 1177 (C.D. Cal. 2014) ("Generally, matters relating to state sentencing are not cognizable under federal habeas review.").

[5] Cal. Penal Code § 667.61.

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

DATED: April 12, 2018

HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE